UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00556-SVW-KS | | Date | March 16, 2026 |
|---|---|---|---|---|
| Title | *Sumit Sumit v. Warden of the Desert View Detention Facility et al* | | | |

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**    ORDER DENYING PETITIONER'S EX PARTE APPLICATION FOR A
TEMPORARY RESTRAINING ORDER [2]

### I.    Introduction

Before the Court is Petitioner Sumit Sumit's ex parte application for a temporary restraining order
("TRO"). ECF No. 2. For the following reasons, Petitioner's ex parte application is DENIED.

### II.    Background

Petitioner Sumit Sumit is a native and citizen of India currently detained at the Adelanto Desert
View Detention Facility by the Department of Homeland Security. Petition ("Pet."), ECF No. 1 ¶ 18.
Petitioner entered the United States on October 2, 2022. *Id.* ¶ 25. He was apprehended by U.S. Border
Patrol agents, at which point he expressed a fear of returning to India and his intent to apply for asylum.
*Id.* A deportation officer determined that Petitioner had established a fear of return and released him on
December 6, 2022 under humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A). *Id.* As part of
Petitioner's release, he was placed on an order of supervision and required to periodically check in with

:

| Initials of Preparer | DTA |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00556-SVW-KS | | Date | March 16, 2026 |
|---|---|---|---|---|
| Title | *Sumit Sumit v. Warden of the Desert View Detention Facility et al* | | | |

Immigration and Customs Enforcement ("ICE"). *Id.* Petitioner on March 3, 2023 filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. *Id.* ¶ 26. For the next two years, Petitioner complied with all conditions of his supervision. *Id.* ¶ 27.

U.S. Citizenship and Immigration Services directed Petitioner to appear at the Los Angeles Asylum Office for a Credible Fear Interview. *Id.* ¶ 28. On June 13, 2025, as Petitioner was exiting the interview, he was detained by ICE agents and taken to the Adelanto facility, where he remains to this day. *Id.* ¶¶ 29-30. On June 28, 2025, removal proceedings were initiated against Petitioner through a notice to appear. *Id.* ¶ 32. On January 16, 2026, an immigration judge found that Petitioner was a flight risk and denied bond. *Id.* ¶¶ 35, 39.

On February 6, 2026, Petitioner filed a Petition for Writ of Habeas Corpus, arguing this Court should release him because his detention is governed by 8 U.S.C. § 1226 and unconstitutional under the Fifth Amendment Due Process Clause and Article III of the U.S. Constitution. *See* Petition, ECF No. 1. The same day, Petitioner also filed a TRO requesting this Court immediately release him from Respondents' custody and enjoin Respondents from re-detaining him absent a further order from this Court. TRO at 17-18.

### III.    Legal Standard

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the [petitioner] is entitled to such relief." *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). "A [petitioner] seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* These same elements apply to Petitioner's TRO. *West v. PBC Mgmt. LLC*, No. 23-cv-03283-BLF, 2023 U.S. Dist. LEXIS 118204, 2023 WL 4477296, at *2 (N.D. Cal. July 10, 2023) (citing *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.")).

:

|  | |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00556-SVW-KS | Date | March 16, 2026 |

| | |
|---|---|
| Title | *Sumit Sumit v. Warden of the Desert View Detention Facility et al* |

"[I]f a [petitioner] can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the [petitioner's] favor,' and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

## IV.    Discussion

### A.  Likelihood of Success on the Merits

In his ex parte application, Petitioner argues he is entitled to relief because his detention is governed by 8 U.S. Code § 1226 and unconstitutional under the Fifth Amendment Due Process Clause. TRO at 6. The Court addresses each argument in turn.

First, Petitioner asserts that his detention is governed by 8 U.S.C. § 1226, which requires a bond hearing in some cases. We disagree. Rather, the Court concludes that Petitioner is in the position of an applicant for admission under 8 U.S.C. § 1225. *See* 8 U.S.C. § 1225(a)(l) ("applicant for admission" includes "[a]n alien present in the United States who has not been admitted"). Though Petitioner was paroled into the United States, that does not constitute "entry" or "admission" for purposes of the law. Moreover, as this Court explained elsewhere, 8 U.S.C. § 1226 applies only to aliens detained pursuant to a warrant. *See Altamirano Ramos v. Lyons*, --- F.Supp.3d ----, 2025 WL 3199872, at *5-*6 (describing process for arresting and detaining alien pursuant to a warrant under 8 U.S.C. § 1226, as explained by the Supreme Court). Nothing in the record here indicates that Petitioner was arrested and detained pursuant to a warrant. Accordingly, Petitioner, as an applicant for admission, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(a). *See Altamirano Ramos*, 2025 WL 3199872, at *4-*5.

Second, Petitioner contends the Fifth Amendment Due Process clause necessitates his release. The Court has also elsewhere explained that applicants for admission are entitled only to those due process

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00556-SVW-KS | Date | March 16, 2026 |
|---|---|---|---|

| Title | *Sumit Sumit v. Warden of the Desert View Detention Facility et al* |
|---|---|

rights that Congress has afforded by statute. *See Sagastegui-Ronceros Luiguie Martin v. Fereti Semaia et al*, No. 5:25-cv-03324-SVW-BFM, ECF No. 21, at 4-7. Given that Petitioner's detention is governed by 8 U.S.C. § 1225(b)(2)(a), as just discussed, Petitioner is subject to mandatory detention. The Court also disagrees that Petitioner's continued detention violates *Zadvydas v. Davis*, where the Supreme Court held that the government is entitled to a presumptively reasonable period of detention of six months to effectuate an alien's removal from the United States. 533 U.S. 678, 701 (2001). The holding in *Zadvydas* applies only to aliens who are subject to a final order of removal and detained under 8 U.S.C. § 1231. Thus, *Zadvydas* does not apply to aliens like Petitioner against whom removal proceedings are still pending. The Court declines to extend *Zadvydas* to detainees subject to an entirely different statutory scheme than the one considered there.

Because Petitioner has not shown a likelihood of success or serious questions going to the merits, the Court need not address the remaining *Winter* factors.

V.       **Conclusion**

For the foregoing reasons, Petitioner's ex parte application for a temporary restraining order is DENIED.


**IT IS SO ORDERED.**

:

|  | |
|---|---|
| Initials of Preparer | DTA |